IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6162-CR-ROETTGER

UNITED STATES OF AMERICA,

        Plaintiff,

v.

SAM JONES,

        Defendant.

_____/

**NIGHT BOX FILED**
**NOV - 1 2001**
CLARENCE MADDOX
CLERK, USDC/SDFL/FTL

**DEFENDANT'S OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT**

Defendant, Sam Jones, through counsel, respectfully files the following objections to the Presentence Investigation Report (PSI) prepared in this case. On information and belief, the government will be filing of a 5K1.1 motion prior to sentencing. If the Court is inclined to grant this motion and impose a sentence below the applicable guideline range and mandatory minimum sentence, these objections essentially are moot. However they may still provide assistance to the Court in determining the degree of departure, if the Court decides to grant a departure.

    A.    **Drug Quantity.**

Defendant objects to Paragraph 39 of the PSI (and related paragraphs) which sets the drug quantity at between 50 and 150 kilograms of cocaine, with a resulting base offense level of 36. The government and defense agreed in the plea agreement that the quantity of cocaine involved in Count Two for purposes of Section 2D1.1(a)( and (c) of the Guidelines is at least 2 kilograms but less than 3.5 kilograms of cocaine. This agreement is based upon the actual seizure of cocaine in North Carolina. Defendant asks the Court to honor this factually based agreement between the parties and



assign a Base Level of 28 for this offense. (The career offender enhancement will increase the base level to 34, with an adjusted offense level of 31 after acceptance of responsibility. This offense level will control.)

**B.    Role in the Offense.**

Defendant objects to paragraphs 31 and 42 of the PSI which assign an aggravating role to Mr. Jones and advocate a three level increase in his offense level. Mr. Jones was not an organizer leader or manager of an activity involving more than five participants. Accordingly, no adjustment is appropriate. Again, the Career Offender enhancement will control, and Mr. Jones total adjusted offense level should be 31. The government agrees with this assessment.

Respectfully submitted.

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By: _____
Patrick M. Hunt
 Assistant
Federal Public Defender
Florida Bar No. 571962
Attorney for Defendant
One East Broward Blvd., Suite 1100
Fort Lauderdale, Florida 33301
(954) 356-7436 / (Fax) 356-7556

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the aforementioned motion was mailed on this 1st day of November, 2001, to Kathleen Rice at the office of the United States Attorney, Fort Lauderdale, Florida and to Michael Santucci, United States Probation Officer at 299 E. Broward Blvd., Ft. Lauderdale, FL 33301.

_____
Patrick M. Hunt

§2L1.2                                GUIDELINES MANUAL                         November 1, 2001

§2L1.2.   **Unlawfully Entering or Remaining in the United States**

    (a)    Base Offense Level: **8**

    (b)    Specific Offense Characteristic

        (1)    Apply the Greatest:

        If the defendant previously was deported, or unlawfully remained in the United States, after—

        (A)    a conviction for a felony that is (i) a drug trafficking offense for which the sentence imposed exceeded 13 months; (ii) a crime of violence; (iii) a firearms offense; (iv) a child pornography offense; (v) a national security or terrorism offense; (vi) a human trafficking offense; or (vii) an alien smuggling offense committed for profit, increase by **16** levels;

        (B)    a conviction for a felony drug trafficking offense for which the sentence imposed was 13 months or less, increase by **12** levels;

        (C)    a conviction for an aggravated felony, increase by **8** levels;

        (D)    a conviction for any other felony, increase by **4** levels; or

        (E)    three or more convictions for misdemeanors that are crimes of violence or drug trafficking offenses, increase by **4** levels.

*Commentary*

*Statutory Provisions*: 8 U.S.C. § 1325(a) (second or subsequent offense only), 8 U.S.C. § 1326. For additional statutory provision(s), *see* Appendix A (Statutory Index).

*Application Notes*:

1.  *Application of Subsection (b)(1).*—

    (A)  *In General.*—*For purposes of subsection (b)(1)*:

        (i)  *A defendant shall be considered to be deported after a conviction if the defendant has been removed or has departed the United States while an order of exclusion, deportation, or removal was outstanding.*

        (ii)  *A defendant shall be considered to be deported after a conviction if the deportation was subsequent to the conviction, regardless of whether the*

*deportation was in response to the conviction.*

(iii) *A defendant shall be considered to have unlawfully remained in the United States if the defendant remained in the United States following a removal order issued after a conviction, regardless of whether the removal order was in response to the conviction.*

(iv) *If all or any part of a sentence of imprisonment was probated, suspended, deferred, or stayed, "sentence imposed" refers only to the portion that was not probated, suspended, deferred, or stayed.*

(B) <u>Definitions</u>.—*For purposes of subsection (b)(1):*

(i) *"Committed for profit" means committed for payment or expectation of payment.*

(ii) *"Crime of violence"—*

    (I) *means an offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another; and*

    (II) *includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses (including sexual abuse of a minor), robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling.*

(iii) *"Drug trafficking offense" means an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.*

(iv) *"Felony" means any federal, state, or local offense punishable by imprisonment for a term exceeding one year.*

(v) *"Firearms offense" means any of the following:*

    (I) *An offense under federal, state, or local law that prohibits the importation, distribution, transportation, or trafficking of a firearm described in 18 U.S.C. § 921, or of an explosive material as defined in 18 U.S.C. § 841(c).*

    (II) *An offense under federal, state, or local law that prohibits the possession of a firearm described in 26 U.S.C. § 5845(a), or of an explosive material as defined in 18 U.S.C. § 841(c).*

    (III) *A violation of 18 U.S.C. § 844(h).*

    (IV) *A violation of 18 U.S.C. § 924(c).*

| §2L1.2 | GUIDELINES MANUAL | November 1, 2001 |
|---|---|---|

    (V)  *A violation of 18 U.S.C. § 929(a).*

2. <u>Application of Subsection (b)(1)(C)</u>.—For purposes of subsection (b)(1)(C), "aggravated felony" has the meaning given that term in 8 U.S.C. § 1101(a)(43), without regard to the date of conviction of the aggravated felony.

3. <u>Application of Subsection (b)(1)(E)</u>.—For purposes of subsection (b)(1)(E):

  (A) "Misdemeanor" means any federal, state, or local offense punishable by a term of imprisonment of one year or less.

  (B) "Three or more convictions" means at least three convictions for offenses that (i) were separated by an intervening arrest; (ii) did not occur on the same occasion; (iii) were not part of a single common scheme or plan; or (iv) were not consolidated for trial or sentencing.

4. <u>Aiding and Abetting, Conspiracies, and Attempts</u>.—Prior convictions of offenses counted under subsection (b)(1) include the offenses of aiding and abetting, conspiring, and attempting, to commit such offenses.

5. <u>Computation of Criminal History Points</u>.—A conviction taken into account under subsection (b)(1) is not excluded from consideration of whether that conviction receives criminal history points pursuant to Chapter Four, Part A (Criminal History).

<u>Historical Note</u>: Effective November 1, 1987. Amended effective January 15, 1988 (see Appendix C, amendment 38); November 1, 1989 (see Appendix C, amendment 193); November 1, 1991 (see Appendix C, amendment 375); November 1, 1995 (see Appendix C, amendment 523); November 1, 1997 (see Appendix C, amendment 562); November 1, 2001 (see Appendix C, amendment 632).

## §2L1.3. [Deleted]

<u>Historical Note</u>: Section 2L1.3 (Engaging in a Pattern of Unlawful Employment of Aliens), effective November 1, 1987, was deleted effective November 1, 1989 (see Appendix C, amendment 194).

        \* \* \* \* \*

### 2. NATURALIZATION AND PASSPORTS

**§2L2.1.** **Trafficking in a Document Relating to Naturalization, Citizenship, or Legal Resident Status, or a United States Passport; False Statement in Respect to the Citizenship or Immigration Status of Another; Fraudulent Marriage to Assist Alien to Evade Immigration Law**

  (a) Base Offense Level: **11**

  (b) Specific Offense Characteristics